

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00386-CV

IN THE MATTER OF THE MARRIAGE OF
DAVID MICHAEL NATHANSON AND CARRIE DENISE NATHANSON

On Appeal from the 200th District Court
Travis County, Texas[1]
Trial Court No. D-1-FM-18-002148, Honorable James Lee Carroll, Presiding

November 20, 2019

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant David Michael Nathanson attempts to appeal a final decree of divorce dissolving his marriage to appellee Carrie Denise Nathanson. We dismiss the appeal because David failed to pay the requisite filing fee and for want of jurisdiction.

By letter of October 24, 2019, we notified David that the filing fee was overdue and advised him that unless he was excused from paying court costs, failure to pay the filing fee by November 4 would result in dismissal of the appeal. To date, David has not paid

[1] Originally appealed to the Third Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013).

the filing fee or sought leave to proceed without payment of costs.  TEX. R. APP. P. 5, 20.1. Accordingly, the appeal is dismissed because of David's failure to comply with a requirement of the appellate rules.  TEX. R. APP. P. 42.3(c).

Further, now pending before this Court is Carrie's motion to dismiss the appeal for want of jurisdiction.  In her motion, she asserts that David filed his notice of appeal untimely.  The trial court signed the divorce decree on May 10, 2019.  David timely filed a motion for new trial.  Accordingly, his notice of appeal was due within ninety days after the divorce decree was signed, by August 8, 2019.  TEX. R. APP. P. 26.1(a).  David filed a notice of appeal on October 7, 2019.  He has not filed a response to Carrie's motion to dismiss.  Because a timely-filed notice of appeal is required to invoke this Court's appellate jurisdiction, we grant Carrie's motion and dismiss the appeal for want of jurisdiction.

Accordingly, the appeal is dismissed.  TEX. R. APP. P. 42.3(a), (c).

Per Curiam